## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **WESLEY B. MAYES,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-06-CA-947-SS** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,**[1] | § | |
| **Respondent.** | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:      The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

---

[1] Although Petitioner named Cody Ginsel as Respondent, Nathaniel Quarterman, the current Correctional Institutions Division Director, is the proper respondent and will be substituted as such.

Dockets.Justia.com

## STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of a judicial district court in Harris County, Texas. Petitioner asserts he was convicted of theft and sentenced to five years in jail on December 3, 2004. Petitioner does not challenge his holding conviction. Instead, he challenges disciplinary case number 20060344314.

On August 2, 2006, Petitioner was found guilty of manipulating his penis in front of Correctional Officer Gray. As a result of the disciplinary hearing, Petitioner received 45 days loss of recreation and commissary privileges, 30 days loss of contact visits, 1 day of solitary confinement, extra duty hours for 10 days, a reduction in line class from S3 to L1, and a forfeiture of 30 days of good conduct credits.

Petitioner filed a Step 1 grievance appealing the disciplinary proceeding, which was denied on August 21, 2006. Petitioner indicates he filed a Step 2 grievance, which was denied September 11, 2006.

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.    The evidence is insufficient to support his disciplinary conviction;

2.    He received ineffective assistance of counsel substitute;

3.    Captain Flores, the Disciplinary Hearing Officer, was biased and discriminates against blacks by giving blacks harsher punishment than whites; and

4.    Counsel substitute and the disciplinary hearing officer had a conflict of interest because they knew about Petitioner's civil rights complaint pending in federal court.

2

## DISCUSSION AND ANALYSIS

### A.    Restrictions

As a result of the disciplinary hearing, Petitioner received 45 days loss of recreation and commissary privileges, 30 days loss of contact visits, 1 day of solitary confinement, and extra duty hours for 10 days. These punishments do not trigger the Due Process Clause. In Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997), the Fifth Circuit Court of Appeals held that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns. "They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." Id.

### B.    Reduction in Time Earning Class

In addition to the above-listed punishments, Petitioner was reduced in line class from S3 to L1. To the extent Petitioner challenges his change in time-earning class these allegations also do not present grounds for federal habeas corpus relief. The Fifth Circuit has held the timing of a petitioner's release on mandatory supervision is too speculative to afford him a constitutionally cognizable claim to the "right" to a particular time-earning status, which right the Texas legislature has specifically denied creating. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

### C.    Loss of Good Time Credits

Plaintiff also lost 30 days of good time credit. Challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credits and is eligible for mandatory supervision. See Malchi, 211 F.3d at 957-58; Madison, 104 F.3d at 768. Petitioner admits he is not eligible for mandatory supervision. Thus, the loss of good time serves only to affect Petitioner's possible release on parole. The Fifth Circuit has expressly held that

3

there is no constitutional right to release on parole in the State of Texas. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Under these circumstances, the loss of good time credits does not affect a constitutionally protected right, but only the "mere hope" of release on parole. This hope is not protected by due process. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11, 99 S. Ct. 2100 (1979).

### D.    Equal Protection

Plaintiff also appears to be raising an equal protection claim. He alleges blacks receive harsher punishment than whites at the Travis State Jail.

The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated persons be treated alike. Mayabb v. Johnson, 168 F.3d 863, 870 (5th Cir. 1999) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 105 S. Ct. 3249 (1985)). However, a prisoner's vague and conclusory allegations that his equal protection rights have been violated are insufficient to raise an equal protection claim. Pedraza v. Meyer, 919 F.2d 317, 318 n. 1 (5th Cir. 1990). As Plaintiff has not alleged he is being treated differently from those similarly situated, his equal protection claims are vague and conclusory and do not merit habeas corpus relief. In sum, petitioner has not provided any evidence that he was treated differently than other inmates on the basis of race.

### RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

### OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of December, 2006.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE